UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE M. WILSON, et al., Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:15CV00380 AGF |
| PNK (River City) LLC d/b/a RIVER CITY CASINO AND HOTEL, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action for unpaid overtime was filed as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and as a class action under the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500, et seq., and Missouri common law of unjust enrichment. The matter is now before the Court on Defendant's motion for dismissal of the state claims. For the reasons set forth below, the motion shall be denied in large part.

## BACKGROUND

The three named Plaintiffs allege that they and other Floor Supervisors employed by Defendant are not "exempt" employees under the FLSA and the MMWL and are therefore entitled to unpaid overtime from Defendant. Count I is brought as a collective action under the FLSA, Count II is brought as a class action under the MMWL, and Count III is brought as a class action for unjust enrichment under Missouri common law.

Defendant argues that Plaintiffs' MMWL claim should be dismissed with prejudice as pre-empted by the FLSA, or as inherently incompatible with the FLSA claims. Defendant argues

that the claim of unjust enrichment should be dismissed for failure to state a claim because the allegations in the complaint are conclusory. Defendant further asserts that if the unjust enrichment claim is allowed to go forward, the Court should limit the time period for recovery thereunder to two years prior to the filing of the complaint, pursuant to the two year statute of limitations of Mo. Rev. Stat. § 516.140.[1]

In response, Plaintiffs rely on case law holding that the FLSA does not preempt state claims such as those raised here. They argue that the complaint adequately pleads a claim of unjust enrichment as receiving labor without compensating for it results in the unjust enrichment of the recipient of the labor. But Plaintiffs concede that the two year statute of limitations applies to this claim.

## **DISCUSSION**

This Court agrees with the district courts within the Eighth Circuit that have concluded that there is no preemption by the FLSA of state claims such as those asserted by Plaintiffs here. *See, e.g., Fry v. Accent Mktg. Servs.*, L.L.C., No. 4:13CV59 CDP, 2013 WL 2403669, at *2 (E.D. Mo. May 31, 2013); *Byrd v. BJC Health Sys.*, 4:11CV1571 HEA, 2013 WL 1581420, *2-3 (E.D. Mo. Apr. 12, 2013); *Davenport v. Charter Comms'ms*, LLC, 4:12CV7 AGF, 2012 WL 5050580, *2-3 (E.D. Mo. Oct. 12, 2012).

With respect to Plaintiffs' claim asserting Defendant's unjust enrichment, to survive a motion to dismiss, the complaint must contain sufficient factual matter, which, when accepted as

---

[1] This section provides:

> An action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, such act being an act of Congress, shall be brought within two years after the cause accrued.

2

true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id*. Here, the Court concludes that Plaintiffs have sufficiently pled facts supporting a claim of unjust enrichment. The Court agrees with the parties that the two year statute of limitations governs this claim. *See Davenport,* 2012 WL 5050580, at *3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for partial dismissal is **DENIED**, with the exception of claims for unjust enrichment accruing more than two years before the filing of the complaint. (Doc. No. 12.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRCIT JUDGE

Dated this 25th day of June, 2015