UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE M. WILSON, DARREN METZGER, and CHARLES PATTERSON, Individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:15CV00380 AGF |
| PNK (RIVER CITY), LLC, d/b/a RIVER CITY CASINO AND HOTEL, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action for unpaid overtime wages is brought as a putative collective action for violation of the Fair Labor Standards Act ("FLSA"), and putative class action under Federal Rule of Civil Procedure 23 for violation of Missouri's wage and hours law. The matter is now before the Court on Plaintiffs' motion for leave to proceed as a collective action and facilitate notice under the FLSA, 29 U.S.C. §216(b). Also before the Court is Plaintiffs' motion to amend their request for relief to require that Defendant PNK (River City), L.L.C., post the FLSA notice and consent form for potential opt-in plaintiffs, in the break rooms of Defendant's place of business. For the reasons set forth below, Plaintiffs' motion to proceed as a collective action and to facilitate notice shall be granted in large part, but Plaintiffs' motion to amend their request for relief shall be denied.

## BACKGROUND

The three named Plaintiffs are present and former floor supervisors employed by Defendant in its St. Louis, Missouri, casino, within the three years preceding the filing of the lawsuit on February 27, 2015.  They allege that Defendant's floor supervisors are non-exempt employees under the FLSA, and that Defendant required them to work in excess of 40 hours per week, but refused to pay overtime wages.  On April 29, 2015, Plaintiffs submitted another individual's Consent to Join the collective action.

The motion now under consideration was filed on June 3, 2015.  Plaintiffs seek conditional collective class certification of floor supervisors who worked at the casino during the three years leading up to the filing of the action; an order requiring Defendant to produce a computer-readable data file containing the names, addresses, and telephone numbers of all potential members of the collective class; and an order authorizing notice by U.S. first class mail to all such individuals by means of the proposed Notice submitted by Plaintiffs along with their proposed Opt-In Consent Form.  In the motion to amend their request for relief, Plaintiffs also seek an order requiring that Defendant post the Notice and Consent forms in the break rooms of Defendant's place of business.

The proposed Notice tells potential plaintiffs, in part, that if they join the suit and the Court rules in favor of Defendant, they may have to pay "some portion of the court costs and expenses (though not attorney fees) incurred by [Defendant]."  The proposed Notice also states that if they join the action, their interests would be represented by the current Plaintiffs' attorney, or alternatively, they could join by representing themselves or with counsel of their choosing.  (Doc. No. 18-3.)  The proposed Opt-In Consent Form

states that the signator designates Plaintiffs' attorneys to represent him in this lawsuit. (Doc. No. 18-4.)

Plaintiffs allege that there are individuals who are similarly situated to Plaintiffs with respect to job requirements, hours worked, and pay provisions, who may desire to opt in to this lawsuit. This assertion is supported by the affidavit of one of the named Plaintiffs describing the challenged pay provisions that applied to all floor managers at the casino during the class period. Plaintiffs further assert that the proposed class is clearly identifiable, and ideally suited for collective action treatment.

On June 16, 2015, Plaintiff's filed another individual's Consent to Join. The next day, Defendant responded to Plaintiff's motion for leave to proceed as a collective action. Defendant argues that Plaintiffs have failed to demonstrate that other floor supervisors desire to opt-in to this action, and have therefore failed to establish that this is an "appropriate case" for conditional certification. Defendant also objects to the Notice proposed by Plaintiffs because (1) it contradicts the Opt-In Consent Form with regard to a putative plaintiff's option to opt-in without consenting to representation by Plaintiffs' attorneys, and (2) putative plaintiffs should be informed that if Defendant prevails, they may be liable to Defendant for attorney's fees, whereas the proposed Notice improperly states that opt-in plaintiffs will not be liable for Defendant's attorney's fees, if Defendant prevails, because attorney's fees can be awarded to a prevailing FLSA defendant upon a finding that the plaintiff(s) litigated the action in bad faith. Defendant also argues that Plaintiffs have made no showing for the need of the telephone numbers of all potential opt-in plaintiffs.

3

Defendant opposes the motion to amend the notice on the grounds that (1) Plaintiffs have made no showing that mailing notice to putative opt-in plaintiffs is insufficient, (2) notice in the work-place is both under-inclusive because it does not reach former floor supervisors; and over-inclusive because it provides an unnecessary second notice to current employees, who will already receive that notice by mail, and (3) with respect to current employees, receiving two forms of notice (one by mail and one posted in break-rooms) will improperly suggest that Plaintiffs' claims have merit.

## **DISCUSSION**

The FLSA provides that an action may be maintained "by any . . . employee[ ] for and in behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay the minimum wage.  29 U.S.C. § 216(b).  Such an action is known as a "collective action," into which similarly situated employees may "opt-in" in order to benefit from the suit's results.   The FLSA provides the district court with "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The court has a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation" of potential opt-in plaintiffs, but the district court should, "in appropriate cases," exercise its discretion to facilitate notice to potential plaintiffs. *Id*. at 169 (citations omitted).

4

Section 216(b) does not define when "other employees [are] similarly situated" so that collective action certification, and the authorization of notice, is appropriate. Nor has the Supreme Court or the Eighth Circuit Court of Appeals done so. The district courts in this circuit use a two-step approach, borrowed from other district and appellate courts, to determine whether other employees are similarly situated for collective action certification. At the first stage, the notice stage, the court uses a lenient standard to determine whether similarly situated persons exist, and if appropriate, the class is conditionally certified. Once the court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in. The second step occurs after notice, time for opting-in, and discovery have taken place. Applying a stricter standard, the court at the second step makes a factual determination on the similarly situated question. The second inquiry is usually conducted upon a defendant's motion for decertification. *See generally Ondes v. Monsanto Co.*, No. 4:11CV197 JAR, 2011 WL 6152858, at *6 (E.D. Mo. Dec. 12, 2011); *Beasely v. GC Servs. LP*, 270 F.R.D. 442, 444 (E.D. Mo. 2010).

"Conditional certification at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Beasley*, 270 F.R.D. at 444. In supervising the form and method of providing notice to potential plaintiffs, the court should ensure that the notice is "timely, accurate, and informative," and "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann–La Roche Inc.*, 493 U.S. at 170, 174.

Here, upon review of the record, the Court concludes that Plaintiffs have cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate. Plaintiffs have come forward with sufficient allegations and evidence that they and the other members of the proposed collective class were victims of a single decision, policy, or plan to deprive them of due compensation, to justify conditional certification. *See, e.g., Ondes*, 2011 WL 6152858, at *6. Courts in this circuit generally do not require plaintiffs seeking conditional certification to also present evidence that others will actually opt-in to the action. *See Halsey v. Casino One Corp.*, No. 4:12CV1602 CDP, 2012 WL 6200531, at *3 (E.D. Mo. Dec. 12, 2012). But even if this were required, here, with three named Plaintiffs and two opt-in Plaintiffs to date, such a showing has been made.

The Court agrees with Defendant that it need not provide Plaintiffs with the telephone numbers of potential opt-in plaintiffs at this point. *See, e.g., Littlefield v. Dealer Warranty Servs.*, LLC, 679 F. Supp. 2d 1014, 1018-19 (E.D. Mo. 2010). As Defendant suggests, should Plaintiffs require such contact information because written notice is returned undeliverable or proves to be otherwise inadequate, Plaintiffs may apply to the Court for telephone numbers of specific individuals upon such a showing.

The Court believes, however, that the Notice and Opt-In Consent Form proposed by Plaintiffs are deficient in several respects. First, the Notice affirmatively states that opt-in plaintiffs would not be liable for Defendant's attorney's fees, should Defendant prevail in the action. Here, as noted above, the proposed Notice does inform potential plaintiffs that if Defendant prevails in the action, they may be liable for a portion of

6

Defendant's court costs and expenses.  So the current dispute revolves around whether the Notice should also state that if Defendant prevails, the plaintiffs may be liable for Defendant's attorney's fees.  While it is true that courts have the inherent power to assess attorney's fees against a losing plaintiff where the losing plaintiff acted in bad faith, *see Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975), the Court does not believe that this possibility should be included in the Notice as it may have a chilling effect on participation in this action and the likelihood of such an award is remote.  While courts are split, even in this district, on whether a collective class notice should include the possibility that taxable costs would be assessed against the plaintiffs if they lost, Defendant has cited no cases requiring a notice to state that the defendant's attorney's fees may be assessed against the plaintiffs if they lost.  And even if some courts did so, this Court does not believe that that is the proper resolution.  On the other hand, the Court does not think it proper to tell potential plaintiffs affirmatively that they will <u>not</u> be liable for Defendant's attorney's fees, if Defendant prevails.

Second, although the Notice advises prospective plaintiffs that they may opt in but not choose to have Plaintiffs' counsel represent them, neither the Notice nor the Opt-In Consent Form advises them how to do so.  There is no place on the Opt-In Consent Form for a plaintiff wishing to join the action to indicate that he or she chooses to proceed pro se or with counsel other than Plaintiffs' current counsel, in accordance with the Notice.  And while the Notice suggests that plaintiffs may "file" their opt-in, presumably with the Court, no address or method of doing so is provided.

7

Third, the Opt-In Consent Form does not adequately advise plaintiffs of their deadline for opting in. The Opt-In Consent Form should conspicuously advise plaintiffs of the deadline. In addition, neither the Notice nor the Opt-In Consent Form state whether the Opt-In Consent Form must be actually filed or received by counsel by the deadline, or need only be post-marked by the deadline.

With respect to Plaintiffs' motion to amend their request for relief, the Court agrees with Defendant that Plaintiffs have not shown that mailing the notice and consent forms would not be a sufficient means of providing notice to potential opt-in plaintiffs. *See, e.g., Halsey v. Casino One Corp.*, No. 4:12CV1602 CDP, 2012 WL 6200531, at *6 (E.D. Mo. Dec. 12, 2012); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490 (D. Neb. 2009). Should it transpire that contact information of current employees provided by Defendant is not accurate, Plaintiffs can again move for permission to post the notice and consent forms at the workplace.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for conditional certification to proceed as collective action and facilitate notice under 29 U.S.C. §216(b) is **GRANTED**, with the exception that Defendant need not provide Plaintiffs with telephone numbers of potential opt-in plaintiffs at this point. (Doc. No. 17.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend their request for relief, to require posting of the Notice, is **DENIED**. (Doc. No. 27.)

8

**IT IS FURTHER ORDERED** that Plaintiffs shall confer in good faith with respect to the form of Notice and Opt-In Consent Form and shall have until **Friday, September 4, 2015** to file a proposed amended Notice of Collective Action Lawsuit and Opt-In Consent Form consistent with this Order.  Defendant shall have until **Wednesday, September 9, 2015** to file any objections to the amended proposed forms.

                                                *Audrey G. Fleissig*
                                          AUDREY G. FLEISSIG
                                          UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2015.