UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE M. WILSON, DARREN METZGER, and CHARLES PATTERSON, Individually and on behalf of all others similarly situated, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) PNK (RIVER CITY), LLC, d/b/a ) RIVER CITY CASINO AND HOTEL, ) ) Defendant. ) | Case No. 4:15CV00380 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment on the Claims of Kenneth Ridgley (Doc. No. 48). Plaintiffs have not offered any response to the motion. Plaintiffs also failed to respond to the Court's Order to Show Cause why the motion should not be granted (Doc. No. 54).

Defendant asserts that opt-in Plaintiff Kenneth Ridgley's claim under the Fair Labor Standards Act ("FLSA") accrued before August 24, 2012, his last pay date as an employee for Defendant. Again, because Plaintiffs have failed to offer any opposition to Defendant's assertion, which is supported by an affidavit from Defendant's Director of Human Resources, the Court accepts it as true for purposes of summary judgment. Plaintiff Ridgley did not file a written consent to join the instant lawsuit until December 1, 2015 (Doc. No. 41-1).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because an action under the FLSA must be "commenced within two years after the cause of action accrued . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued," 29 U.S.C. § 255(a), and because Plaintiff Ridgley did not commence his claim within three years of his cause of action's accrual, his claims are barred as a matter of law. Similarly, Plaintiff Ridgley's claims under Mo. Rev. Stat. § 290.527, the Missouri Minimum Wage Law, are barred under that statute's two-year statute of limitations, as is Plaintiff Ridgley's claim under Missouri state law for unjust enrichment. *See Davenport v. Charter Comms'ns, LLC*, 4:12CV7 AGF, 2012 WL 5050580, *2-3 (E.D. Mo. Oct. 12, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment on the Claims of Kenneth Ridgley (Doc. No. 48) is **GRANTED**.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2016.